IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEE WHITE,<br><br>        Plaintiff,<br><br>vs.<br><br>WOODFORD, et al.,<br><br>        Defendants. | 1:05-cv-00157-OWW-LJO-P<br><br>**FINDINGS AND RECOMMENDATIONS RE DISMISSAL OF COMPLAINT/ ACTION** (Doc. 12) |

    David Lee White ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    On May 23, 2006, the court issued an order requiring plaintiff to either file an amended complaint curing the deficiencies identified therein OR otherwise notify the court in writing of his wish to voluntarily dismiss the case, within thirty (30) days from the date of service of that order.  The thirty-day period has passed, and plaintiff has failed to comply with or otherwise respond to the court's order.

    Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all

1 sanctions . . . within the inherent power of the Court." District
2 courts have the inherent power to control their dockets and "in the
3 exercise of that power, they may impose sanctions including, where
4 appropriate . . . dismissal of a case." Thompson v. Housing Auth.,
5 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action,
6 with prejudice, based on a party's failure to prosecute an action,
7 failure to obey a court order, or failure to comply with local
8 rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.
9 1995)(dismissal for noncompliance with local rule); Ferdik v.
10 Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for
11 failure to comply with an order requiring amendment of complaint);
12 Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for
13 failure to comply with local rule requiring pro se plaintiffs to
14 keep court apprised of address); Malone v. U.S. Postal Service, 833
15 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with
16 court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.
17 1986)(dismissal for failure to lack of prosecution and failure to
18 comply with local rules).
19     In determining whether to dismiss an action for lack of
20 prosecution, failure to obey a court order, or failure to comply
21 with local rules, the court must consider several factors: (1) the
22 public's interest in expeditious resolution of litigation; (2) the
23 court's need to manage its docket; (3) the risk of prejudice to the
24 defendants; (4) the public policy favoring disposition of cases on
25 their merits; and, (5) the availability of less drastic
26 alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at
27 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61;
28 Ghazali, 46 F.3d at 53.

1    In the instant case, the court finds that the public's
2 interest in expeditiously resolving this litigation and the court's
3 interest in managing the docket weigh in favor of dismissal.  The
4 third factor, risk of prejudice to defendants, also weighs in favor
5 of dismissal, since a presumption of injury arises from the
6 occurrence of unreasonable delay in prosecuting an action.
7 Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth
8 factor -- public policy favoring disposition of cases on their
9 merits -- is greatly outweighed by the factors in favor of
10 dismissal discussed herein.  Finally, a court's warning to a party
11 that his failure to obey the court's order will result in dismissal
12 satisfies the "consideration of alternatives" requirement.  Ferdik
13 v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson,
14 779 F.2d at 1424.  The court's order of May 23, 2006, expressly
15 stated: "Plaintiff is forewarned that his failure to comply with
16 this Order may result in a Recommendation that the Complaint be
17 dismissed pursuant to Local Rule 11-110."  Thus, plaintiff had
18 adequate warning that dismissal of the complaint could result from
19 non-compliance with the court's order.
20    Accordingly, the court HEREBY RECOMMENDS that the complaint be
21 DISMISSED pursuant to Local Rule 11-110, for plaintiff's failure to
22 obey the court's order of May 23, 2006, and for failing to state a
23 claim upon which relief can be granted.
24    These Findings and Recommendations are submitted to the United
25 States District Judge assigned to the case, pursuant to the
26 provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days**
27 after being served with these Findings and Recommendations,
28 plaintiff may file written objections with the court.  Such a

document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     July 31, 2006**              /s/ Lawrence J. O'Neill
b9ed48                                    UNITED STATES MAGISTRATE JUDGE